ROBERT W. BUCHANAN, APPELLEE, v. HENRY F. WILSON ET AL., APPELLANTS.

FILED DECEMBER 4, 1914.   No. 17,829.

1. **Contracts: RESCISSION: EQUITABLE RELIEF.** Where the defendant represented to the plaintiff that the land he was about to trade to him for a valuable farm was of much greater value than it actually possessed, and the plaintiff was thereby induced to trade with the defendant, greatly to the plaintiff's disadvantage, and.

97 Neb. 24

to deliver to the defendant a property greatly exceeding in value the consideration received, and the plaintiff was dependent upon the defendant for the information upon which he relied in making the trade, such judgment should be rendered as in equity and good conscience the evidence demands.

2. ———: ———: FRAUD: MENTAL CAPACITY. The plaintiff, although not wholly insane, was shown to be mentally weak and a man of poor judgment, and in such case if the weak mental condition of the plaintiff enabled the defendant the better to take advantage ,of the plaintiff, and he did take advantage of him, and thereby fraudulently acquired the plaintiff's property for much less than its true value, the contract should be rescinded at the plaintiff's request, and the plaintiff should recover his property; and it will be immaterial whether the plaintiff was wholly insane at the time the trade was made.

APPEAL from the district court for Otoe county: HARVEY D. TRAVIS, JUDGE. *Affirmed.*

*Genung & Genung, William H. Pitzer* and *Edwin Zimmerer,* for appellants.

*George W. Berge, contra.*

HAMER, J.

The defendant Henry F. Wilson, with the other defendants, appeals from a decree of the district court for Otoe county, entered August 31, 1912. On the 1st day of April, 1911, the defendant Henry F. Wilson entered into a contract in writing at Lincoln, Nebraska, with the plaintiff, Robert W. Buchanan, by which he undertook to convey to plaintiff 1,960 acres of land in Brown county, Nebraska, in exchange for 160 acres of land in Otoe county, Nebraska. The papers relating to the transaction were to be left at the City National Bank to be turned over to the respective parties on March 1, 1912. Each party to the contract was to have the right to sell the land which he was to receive, but was not to be allowed to give possession until the 1st day of March, 1912. On the same day that the said contract in writing was executed and delivered, the said plaintiff and his wife, Ida L. Buchanan, executed a warranty deed to Henry F. Wilson for 160 acres of land

in Otoe county, Nebraska.   The defendant Henry F. Wilson and his wife, Loma C. Wilson, executed a warranty deed to the plaintiff, Robert W. Buchanan, for the 1,960 acres of land in Brown county, Nebraska, which was conveyed subject to a mortgage of $2,650 assumed by the said plaintiff, Robert W. Buchanan.   The deeds executed by the respective parties and their wives were deposited in the City National Bank in Lincoln, Nebraska, for delivery March 1, 1912.   In May, 1911, the defendant Henry F. Wilson and the plaintiff, Robert W. Buchanan, went together to the bank and withdrew the deeds.   The defendant Henry F. Wilson  took the deed which had been made to himself, and the plaintiff, Robert W. Buchanan, took the deed which had been made to himself.   Wilson had the deed recorded for the Otoe county land in Otoe county, and the plaintiff Buchanan had the deed recorded for the Brown county land in Brown county.   May 23, 1911, the plaintiff, Robert W. Buchanan, and his wife, Ida L. Buchanan, executed and delivered to the defendant Henry F. Wilson a warranty deed to the land in Otoe county without reservation of possession, and this deed was recorded May 25, 1911, in Otoe county, and on May 26, 1911, the defendant Henry F. Wilson and his wife gave a mortgage on the Otoe county land to the defendant J. G. Wadsworth, to secure the payment of a loan of $3,000 then made by said Wadsworth to said Wilson.   This mortgage was on the same day assigned by the said Wadsworth to the defendant the Mutual Benefit Life Insurance Company.   It is claimed by the plaintiff that the second deed above mentioned was executed and delivered by the plaintiff and his wife at the request of the defendant Henry F. Wilson, and for the purpose of relieving the record title of the Otoe county land from the reservation of possession during the time to elapse prior to March 1, 1912, and so that the defendant, Henry F. Wilson, could procure a loan of money from Wadsworth, using the land as security to obtain the same. The plaintiff, Buchanan, gave his note for $875, to become due March 1, 1913, with interest at 4 per cent. per annum after March 1, 1912.   This note appears to have been paid

by the plaintiff, Robert W. Buchanan, to the defendant Henry F. Wilson; Wilson discounting it about $87. The delivery of the deeds before the time fixed by the contract and the execution and delivery of the second deed by the plaintiff, Robert W. Buchanan, to the defendant Henry F. Wilson did not change the rights of the parties. The original agreement was in any event carried out.

On October 26, 1911, the plaintiff commenced this action by filing his petition in the district court for Otoe county, Nebraska, against the defendants. Subsequently an amended petition was filed. It alleges that the said Wilson, for the purpose of inducing the said plaintiff to make the said trade, falsely stated that the said Brown county land had a market value of $12 an acre, and that it could be sold for that sum without difficulty; that land similar to this particular land was selling at from $10 to $15 an acre; that a large part of this land was fit for cultivation, and that there was little or no sand on it; that it could be used for both winter and summer pasture; that the soil was perfect, and that the land could be rented for $700 a year; that if it was not worth $12 an acre to the said plaintiff, Robert W. Buchanan, and could not be sold for that sum, the said defendant Henry F. Wilson would be willing to trade back; that the plaintiff had no knowledge of the quality or value of the land, and so told the said Wilson, and that the plaintiff relied upon the representations which were made to him by Wilson in reference to the land, and in reliance upon the representations of said Wilson the said plaintiff entered into the said contract; that the delivery of the deeds in advance of the time stated in the contract was fraudulently procured by the defendant Henry F. Wilson for the purpose of incumbering the Otoe county land before the plaintiff Buchanan could ascertain the character and value of the said Brown county land; that the defendant Wilson had given a mortgage upon the Otoe county land, and that this was done fraudulently, and the plaintiff was unable to state whether the mortgagee was an innocent holder of said mortgage, but, if he was an innocent holder, then

.a personal judgment was asked against the defendant Wilson for the amount of the mortgage, $3,000; that the plaintiff, Robert W. Buchanan, tendered a deed of the Brown county land into court, whereby he proposed to place the defendant Henry F. Wilson in the same condition that he was before the trade was made.   There was attached to the amended petition a prayer for a decree declaring the deeds of exchange and the mortgage on the Otoe county land fraudulent and void, and requiring a reconveyance by the defendant Wilson, or, in default thereof, judgment .against him, the same to be a lien upon the Brown county land.

The original petition was filed by the plaintiff, Robert W. Buchanan, in his own name and upon his own account, but the amended petition was in the name of "Robert W. Buchanan, by Ida L. Buchanan, his guardian," and alleges, as additional grounds for maintaining the case, the incapacity of the plaintiff to transact business, and the appointment on December 2, 1911, of Ida L. Buchanan as the guardian of the plaintiff; that the said Ida L. Buchanan was appointed the guardian of the plaintiff by the county court of Lancaster county, Nebraska, on the 2d day of December, 1911; that during the months of March, April, and May the plaintiff evidenced a total want of reason and understanding in business affairs, and that his condition was perceptible to any one transacting business with him, and that he was of unsound mind.   It was also alleged that the plaintiff, at the time of making said contract, stated to the defendant Henry F. Wilson his lack of knowledge of the Brown county land, and also told the said defendant that he was himself then incapable of contracting with him and of protecting himself in the transaction; that the Brown county land is not worth to exceed $3 an acre, and the rental value does not exceed $50 a year; and that, if the transaction be not annulled, the plaintiff must lose $15,000.   It is also alleged that the title to said Brown county land was not merchantable, because the patent to a part of the same had not been delivered, and also because of a judgment which clouded the

title, and also because of an irregular foreclosure proceeding in which the complaint was that no notice of sale had been issued; that the plaintiff did not learn the true condition of things pertaining to said land until the defendant Henry F. Wilson had procured said deed and said money and had executed the said mortgage, and not until the entire matter was closed up. The amended petition makes J. G. Wadsworth and the Mutual Benefit Life Insurance Company parties defendant.

The prayer attached to the amended petition is for a decree declaring the contract mentioned, the deed of exchange, and the mortgage and its assignment to be fraudulent and null and void, that a reconveyance of the Otoe county land to the plaintiff be required, and for judgment for $787, the amount paid the defendant Henry F. Wilson by the said plaintiff, or, in the alternative, if it be found that said mortgage was valid, that judgment be entered in favor of the plaintiff and against the defendant Henry F. Wilson for the amount thereof, the same to be declared a lien upon the Brown county land.

An answer was filed on behalf of the defendants Henry F. Wilson and Loma C. Wilson. The defendants J. G. Wadsworth and the Mutual Benefit Life Insurance Company filed answers. The defendants Henry F. Wilson and Loma C. Wilson answered that they were husband and wife and alleged that the plaintiff and his wife, Ida L. Buchanan, entered into the contract, admitted that the defendant Henry F. Wilson had been the owner of the Brown county land, alleged that deeds were executed by the plaintiff and wife to the defendant Henry F. Wilson, conveying the plaintiff's Otoe county land to the said defendant Wilson, and also that deeds were executed to the plaintiff which conveyed the defendant's Brown county land to the said plaintiff, admitted that the deeds were by agreement left at the City National Bank in Lincoln, Nebraska, as alleged in the petition and as provided by the terms of said contract, and that later, in May, 1911, the deeds were delivered to the respective grantees; that later a second deed of conveyance was made by the said plaintiff and his wife

to the defendant Henry F. Wilson, for the plaintiff's Otoe county land, without reserving the right of possession of said land until March 1, 1912; that in the month of May, 1911, the defendants placed a mortgage upon the Otoe county land for $3,000 to the defendant, J. G. Wadsworth, and that the said mortgage and the note accompanying the same had been assigned to the defendant the Mutual Benefit Life Insurance Company; that the amount of the note given by the plaintiff for the remainder due the defendant on the contract was $875, and that the note was afterwards discounted about $80 and paid by the plaintiff. All allegations of fraud were denied. It was also alleged that the plaintiff Buchanan is a retired farmer, and from his observation and experience was well acquainted with the value of farm and ranch land in Nebraska; that prior to April 1, 1911, the plaintiff made a careful examination personally of every part of said Brown county land, and also made inquiry of disinterested men living in the neighborhood of the land, and who were acquainted with it, and that he took special pains to inform himself; that after this investigation was made, and the said defendant had also personally examined the plaintiff's Otoe county land, the transfer was made at the plaintiff's own solicitation; that both tracts of land were valued at *trading prices*, and that the price of the Otoe county land was more exaggerated than the price of the Brown county land; that the Otoe county land was worth less than $15,000 when the trade was made; that the delivery of the deeds in advance of the date fixed in the contract was by mutual agreement, and that the plaintiff Buchanan knew that the defendants were intending to borrow money on the Otoe county land, and the second deed was for the purpose of enabling them to do so, and that the plaintiff made no objection thereto, but assisted the defendants to make the arrangement to borrow the money; that no change of possession was in fact made, and that the plaintiff Buchanan, by his tenant, continued in possession of the Otoe county land and received the rents and profits therefrom for the year 1911,

and that the defendants took possession, by their tenant, March 1, 1912.

The defendants Wadsworth and the Mutual Benefit Life Insurance Company set up the good faith of the transaction, and deny any knowledge of any mental or physical condition on the part of the plaintiff affecting his power to contract and convey land. They deny that the loan on the land was fraudulently made or for any illegitimate purpose, and say that the transaction was in good faith. They also deny all infirmities of title. The reply filed by the plaintiff is a general denial.

The evidence tends to show that the Brown county land had been occupied and owned by a family named Brill, from whom the defendant Henry F. Wilson acquired it. It would seem that the cost of the land to the defendant Wilson was about $17,650 in trade. He put in some land near Lincoln at a valuation of $10,000, and a house and lot in Lincoln at $5,000, and gave a mortgage back on the land for $2,650. This evidence concerning the trade for the Brown county land by the defendant Wilson is not seriously controverted, but it is insisted that the values were fictitious. There were two dwelling-houses on the premises, a barn, a granary, a buggy shed, a concrete cave, and an inclosure fenced for an orchard, which was "hog tight." A creek ran through the land, and on this creek there was considerable timber growing, and that part of the track skirting the creek furnished excellent pasture. Some of the land is described as "pretty fair hay land." Most of the witnesses described the land as smooth, except the bluffs near the creek. The soil is described as sandy loam and capable of being farmed, and wholly without alkali. These facts are gathered from an examination of the bill of exceptions. The land is six miles from Johnstown, in Brown county, and five miles from Wood Lake.

The plaintiff Buchanan and the defendant Henry F. Wilson both lived in Lincoln, Nebraska, at the time the trade was made. Wilson had been a farmer in Iowa, and moved from there to Lincoln. The plaintiff had been a farmer in Otoe county, and lived in Syracuse, Nebraska. He had

bought and sold at least one farm before his trade with Wilson. The plaintiff's wife objected to disposing of the Otoe county farm. The plaintiff and the defendant Wilson went to see the Brown county land before they traded. They drove out to the ranch in company with Mr. A. G. Holt, a banker of Johnstown. The plaintiff talked with the banker Holt, and also with McDowell, who lived on an adjoining ranch, and with Mrs. McDowell. The talk was all about this particular land and about the country. Before that the plaintiff and the defendant Wilson had been to see the Otoe county farm. After the plaintiff and the defendant Wilson got back from the trip to see the Brown county land, they separated at Lincoln, and about a week afterwards they made the contract in writing relating to the proposed trade. The plaintiff and his wife met the defendant and his wife at a real estate office, when the trade was made. The parties then went together to the City National Bank, where the deeds were deposited. Buchanan had given a note to the defendant Wilson for "boot money" in the sum of $875. It was discounted, Buchanan paying the money. Wilson wanted to borrow money on the Otoe county land. The plaintiff and his wife, at the defendant's request, executed and delivered to him a deed for the Otoe county land. This was to make it satisfactory to Wadsworth, who was making the loan on that land.

The Brown county ranch was very unsatisfactory to plaintiff's wife. She left the next day after seeing it. The plaintiff stayed a while. Mr. Bell testified: "Q. Did he indicate what his plans were or anything like that? A. He thought he would go up there—move onto the ranch and run it himself—probably take the boys with him, if he didn't sell it." He also testified that the plaintiff listed the land with him. At the time he did so, he prepared a description of the land to be presented to proposed purchasers, in which the land is described as situated on Evergreen creek, six miles northwest of Johnstown, and four miles northeast of Wood Lake, and all under fence with barbed wire and burr oak posts.

On November 29, 1911, Mrs. Buchanan's application to the county court of Lancaster county for an appointment of herself as guardian of her husband was heard, and on the 2d day of December, 1911, the appointment was made.

The district court held that the papers were obtained from the plaintiff by fraud; that no lien was obtained by the defendant Wadsworth and none by the insurance company, but that Wadsworth loaned the money in good faith, and that the insurance company should have a mortgage lien upon the Brown county land to secure the payment of the loan, and that the amount paid by the plaintiff to Wilson, after deducting the discount made, was $787, which the plaintiff should recover from Wilson. The title to the Otoe county land was quieted in the plaintiff, and all interest of the plaintiff in the Brown county land was decreed to belong to the defendant Wilson, subject to the lien of the insurance company for the amount of the loan made upon the Otoe county land. The case was heard before Judge Travis July 8, 1912. The decree "finds the issues generally in favor of plaintiff and against the defendants, and that the allegations of plaintiff's amended petition are true." It was further found that the contract, deeds, the $875 note, the $3,000 note and mortgage to Wadsworth, and all the papers pertaining to the transaction "were each and all executed by the plaintiff, Robert W. Buchanan, and wife, Henry F. Wilson and wife, and J. G. Wadsworth, while Robert W. Buchanan was not able to appreciate the consequences of his acts and while of unsound mind, and are null and void, and that all of the transactions between the plaintiff and Henry F. Wilson were also fraudulent and null and void, and all of said instruments are canceled and set aside."

As we understand it, the plaintiff was not "insane," according to the usual acceptation of the term. Insanity is a mental symptom or manifestation of physical disease which impairs the understanding, so that one or more faculties of the mind is perverted, weakened, or destroyed. *In re Estate of Ayers,* 84 Neb. 16. This man does not appear to have been wholly insane, but the evidence justi-

fies the conclusion that he was weak-minded and had poor judgment, and that Wilson took an unconscionable advantage of him.

To review the finding of the district court, we may briefly say that there was evidence tending to show that the use of the land was not of greater value than $50 a year. The defendant Wilson claimed it was worth $700 a year. There were some improvements on the land, and a part of it at least appears to be capable of being farmed. Many witnesses testified as to its value, and their estimates were so different that it would be impossible to discriminate between them and to judge of the value of their opinions without seeing them upon the witness-stand and hearing their testimony. The trial court had this advantage, and has practically found that there was such a discrepancy between the values of these respective tracts as to justify a general finding for the plaintiff, in view of the whole evidence taken in the case, and we are satisfied that this finding is fully warranted by the evidence.

If the weak mental condition of the plaintiff enabled the defendant Wilson to take advantage of him, and he did so, and thereby fraudulently acquired the plaintiff's property for much less than its true value, the contract should be rescinded, and the plaintiff should recover his property. It is immaterial whether the plaintiff was wholly insane at the time the trade was made, if his condition mentally was such as to permit the defendant to take advantage of him and to acquire his property for an insufficient consideration. It is proper for us to remember that the trial judge saw the witnesses and had an opportunity to judge of them by what he saw of them, and he also heard them testify, and for that reason he had an opportunity to form his conclusion as to whether they were telling the truth and the force and effect of their evidence. In any event his opportunity was better than ours. While we are not bound by the findings and judgment of the district court, it is our duty to make such findings and to ren-

der such a judgment as the evidence sustains and the law demands. The judgment of the district court is

AFFIRMED.

REESE, C. J., and ROSE, J., not sitting.